Terry Lee COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 951–95.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1996.

Rehearing Denied Nov. 13, 1996.

**496**

Charles T. Moreland, Conroe, for appellant.

Gail Kikawa McConnell, Asst. District Attorney, Conroe, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant on two counts of aggravated sexual assault. The court of appeals reversed the conviction and remanded the cause for a new trial. *Cooper v. State,* 901 S.W.2d 757 (Tex.App.—Beaumont 1995). We granted the State's petition for discretionary review to address the court of appeal's holding that it was error to admit evidence of extraneous acts similar to the conduct that appellant was charged with, and that the error was not harmless beyond a reasonable doubt.

Upon closer scrutiny, it is apparent that the court of appeals did not address the theory of admissibility now urged by the State for the first time in its petition for discretionary review. This Court reviews "decisions" of the courts of appeals; as a general rule, we do not reach the merits of any party's contention when it has not been addressed by the lower appellate court. *Lee v. State,* 791 S.W.2d 141 (Tex.Cr.App.1990). Accordingly, we now find that our decision to grant the State's petition for discretionary review was improvident. The State's petition for discretionary review is dismissed. Tex. R.App.Pro. 200(k).

MEYERS, J., concurs.

KELLER, J., dissents.

WHITE, J., not participating.

McCORMICK, Presiding Judge, dissenting on State's Petition for Discretionary Review.

A jury convicted appellant of two counts of aggravated assault involving two minors on separate dates. After appellant pled true to an enhancement paragraph, the trial judge assessed punishment at seventy-eight years' confinement in the Institutional Division of the Texas Department of Corrections and a $10,000 fine. On appeal the Beaumont Court of Appeals reversed and remanded for a new trial holding that admission of evidence that appellant forced the children's mother to have anal intercourse was violative of Texas Rule of Criminal Evidence 404(b) in that it "was intended to prove nothing more than the character of appellant in order to show that he acted in conformity therewith." *Cooper v. State,* 901 S.W.2d 757, 762 (Tex.App.—Beaumont 1995).

We granted the State's petition for discretionary review on the following grounds: (1) can the State elicit evidence of other acts similar to the conduct on which the charge is based when the credibility of the complainant is challenged through the cross-examination of the State's first witness; (2) are other extraneous sexual acts admissible to prove motive in an aggravated sexual assault case; (3) does the rule of appellate review—that if the trial court's decision to admit evidence is correct on any theory of law applicable to the case, it will be sustained—apply to the admission of extraneous acts; and (4) in conducting a harmful error analysis, can the reviewing court abrogate the second part of the *Harris* analysis that asks "whether a rational trier of fact might have reached a different result if the error and its effects had not resulted?."

The relevant portion of the record which is the direct examination of the victim's mother by the prosecutor reads as follows:

"Q. Did you have a sexual relationship with Terry Cooper?

"A. Yes.

"Q. Okay. Did you think that you had a healthy sexual relationship with Terry Cooper?

"A. No.

"Q. Why not?

"A. Because some of the things just weren't natural.

"Q. Okay, you mean some things like what?

"[Defense Counsel]: Your Honor, may we approach the Bench?

"BY THE COURT: Yes Ma'am.

### BENCH CONFERENCE

"[Defense Counsel]: I think it's irrelevant, her sexual relationship with Terry.

"[Prosecutor]: May I explain?

"BY THE COURT: Yes Ma'am.

"[Prosecutor]: I think it's highly relevant, Your Honor. It goes not only to the same pattern that was used on the children in this case, not just with respect to the type of sex.

"[Defense Counsel]: I mean, she's gonna testify that they had anal sex, but I don't any (sic) other aspect of it, you know, going into something else, I think it would just be inflammatory. I don't really know what she will say."

"[Prosecutor]: That they had anal sex.

"BY THE COURT: I'll overrule the objection."

The victim's mother then testified without further objection that appellant "would want me to have anal sex," that she didn't want to have anal sex with him, and she could not have prevented having anal sex with him "[b]ecause that's what he wanted to do, and he told me that I was gonna do it." *Cooper*, 901 S.W.2d at 760.

As shown above, appellant's counsel's exact words were, "I think it's irrelevant, her sexual relationship with Terry." This is a relevancy objection under Rule 402 of the Texas Rules of Criminal Evidence. Defense counsel made no objection under Texas Rule of Criminal Evidence 404(b). As such, he waived error, if any, in admitting the testimony regarding his desires for anal sex in order to show that he acted in conformity therewith for the offenses for which he was charged in this case.

As the State points out in its third ground for review, when a trial court's ruling on the admission of evidence is correct, although for a wrong or insufficient reason, this Court will not reverse if the evidence is admissible for any reason. *Sewell v. State*, 629 S.W.2d 42, 45 (Tex.Cr.App.1982). We have held that evidence that an accused liked to engage in anal sex was relevant to prove identity, although in that case its prejudicial effect substantially outweighed its probative value under Texas Rule of Criminal Evidence 403. *Bishop v. State*, 869 S.W.2d 342, 346 (Tex.Cr.App.1993). A party may introduce such evidence when it logically serves to make more probable or less probable an elemental fact or an evidentiary fact. *Bishop*, 869 S.W.2d at 346. Using this standard, the evidence that appellant wanted anal sex and threatened the victim's mother to get it was relevant to show a generalized "intent to arouse and gratify" his own sexual desire, vis-a-vis his desire for anal sex. Appellant's Rule 402 relevancy objection was properly overruled by the trial court. Appellant failed to object under Rule 404(b) and therefore waived this objection.

Accordingly, I would reverse the Court of Appeals decision and affirm the judgment of the trial court. To the majority's decision improvidently granting the State's petition, I respectfully dissent.

MANSFIELD, J., joins this dissent.