The STATE of Texas

v.

Ronald HERNDON, Appellee.

No. PD–1954–03.

Court of Criminal Appeals of Texas.

Feb. 28, 2007.

---

**11.** Majority op. at 890.

Michael H. Hummell, Corpus Christi, for Appellant.

Joe C. Lockhart, Asst. District Atty., Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, and HOLCOMB, JJ., joined.

A jury convicted Ronald Herndon of driving while intoxicated. Herndon then filed a motion for new trial claiming, in part, that the court reporter failed to record a bench conference in which he objected to the prosecutor's final argument. The trial judge granted Herndon's motion for new trial. The State appealed and the court of appeals reversed. It concluded that the trial court abused its discretion in granting Herndon a new trial on the ground that the court reporter failed to record a bench conference because Herndon had not objected to this failure during the trial.[1] We granted Herndon's petition for discretionary review to decide whether the court of appeals erred in concluding that the trial court had abused its discre-

---

1. *State v. Herndon,* 115 S.W.3d 231 (Tex.App.-     Corpus Christi 2003).

tion when it granted a new trial on this particular basis. We conclude that the court of appeals erred in holding that Herndon was required to make a timely objection during trial to the court reporter's failure to hand-record the bench conference before the trial court could consider the merits of his motion for new trial. Although Herndon did not preserve error *for appeal,* he did not appeal. Instead, he filed a motion for new trial in the trial court, and that court granted it. We hold that Texas law does not require a party to preserve error for purposes of appeal as a precondition for the trial court to consider the merits of a motion for new trial. We therefore reverse the court of appeals and remand the case to that court to consider the State's claims concerning the merits of the motion for new trial and whether any error affected Herndon's substantial rights.

## I.

At the jury trial on this misdemeanor DWI charge, the State offered evidence of Herndon's guilt through the testimony of two police officers. The defense did not offer any evidence. During its closing argument, the State noted the following:

> This Defendant decided what evidence you're going to consider today, but what's on there is pretty incriminating. It shows this Defendant was intoxicated. Also, keep in mind the Defendant admitted to the officer to drinking that night. He admitted that he had been drinking alcohol. And this Defendant didn't present any evidence of who he was drinking with, he didn't—he didn't bring any other witness forward to testify how many drinks he had that night or, you know, what he was doing that night, how long ago—

Defense: Your honor, I'm going to object, comment on the Defendant's failure to testify.

Court: Come forward, please.

(Bench conference not recorded.)

(Following was transcribed from audio cassette.)

State: Your Honor, I'm talking about another witness. He didn't present another witness to his whereabouts that evening.

(Inaudible from tape.)

(Reporter back on record.)

Defense: I'd ask the jury be instructed to disregard.

Court: The jury is instructed not to regard the failure of the Defendant to testify as it was instructed in the Charge.

The jury found Herndon guilty. Herndon later filed a motion for mistrial complaining both of the prosecutor's closing argument and of the court reporter's failure to record the bench conference. The State filed a written response, arguing that (1) its closing argument did not violate Herndon's right against self-incrimination, (2) the mistrial motion was procedurally barred as untimely,[2] (3) Herndon failed to preserve error by continuing to object until there was an adverse ruling, (4) any error is presumed cured by the trial court's instruction to disregard, and (5) Herndon failed to demonstrate reversible error. The trial court denied the motion for mistrial and sentenced Herndon to 90 days in jail probated for twelve months and a $500 fine.

Herndon then filed a motion for new trial, making the same claims that he had made in his motion for mistrial. Specifically, he stated, "The prosecutor's com-

---

**2.** There was a three-month interval between the time the jury returned its guilty verdict and the date of sentencing. The written motion for mistrial was filed in the interim.

ments, coupled with the reporting protocol justifies the Court granting the Defendant a new trial in the interest of justice." The State filed a second written response making the same arguments that it had made in its response to the motion for mistrial, but also noting that the court reporter had, in fact, made an audio recording of the bench conference.[3] During the hearing on the motion for new trial, the court reporter confirmed that she had not hand-recorded the bench conference. The trial court later granted Herndon's motion for new trial "on the ground that a bench conference was not recorded during the trial."[4] At the time that the trial judge granted Herndon's motion for new trial, he was not permitted to explain the factual basis for his ruling either granting or denying a motion for new trial.[5]

The State appealed, arguing, *inter alia,* that Herndon had not preserved error.[6] The court of appeals agreed. It explained that "[f]ormer Rule 11(a) of the Texas Rules of Appellate Procedure required a record of proceedings be made only when requested by the trial court or any party to the case."[7] Thus, formerly, an appeal-

---

3. Although the court reporter had made an audio recording of the bench conference, most of that recording was inaudible.

4. Although not mentioned by the parties or the court of appeals, the general rule is that a trial court's ruling will be upheld if it is correct on any applicable legal theory, even if the court articulated an invalid basis. This is the "right ruling, wrong reason" doctrine. *See, e.g., Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937) ("In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."); *Arnott v. State,* 498 S.W.2d 166, 179 (Tex.Crim.App.1973) ("Even if a trial judge relies upon a wrong ground or gives the wrong reason for a ruling, this Court is not bound to limit its consideration to such a reason if the decision below is correct."). *Cf. Cooper v. State,* 933 S.W.2d 495, 497 (Tex. Crim.App.1996)("when a trial court's ruling on the admission of evidence is correct, although for a wrong or insufficient reason, this Court will not reverse if the evidence is admissible for any reason").

5. TEX.R.APP. P. 21.8(b) ("In ruling on the motion for new trial, the court must not summarize, discuss, or comment on evidence."); *see Charles v. State,* 146 S.W.3d 204, 211 (Tex. Crim.App.2004) ("In Texas, the trial judge is explicitly prohibited by Rule 21.8(b) from making any comment on the evidence in ruling on a motion for new trial. This prohibition has been a part of Texas statutory law since at least 1880. Thus, appellate courts must defer to any reasonable implied factual findings that the trial court might have made in denying a motion for new trial.") (citing and quoting *Rains v. State,* 7 Tex.App. 588, 590 (1880) (noting that then article 782 of the Code of Criminal Procedure stated that "in granting or refusing a new trial the judge shall not sum up, discuss, or comment upon the evidence in the case, but shall simply grant or refuse the motion without prejudice to either the State or the defendant")); *George v. State,* 20 S.W.3d 130, 141 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) ("When a judge summarizes, discusses, or comments on evidence in ruling on a motion for new trial, we will decline to consider those remarks in deciding whether the court abused its discretion in ruling on the merits of the motion.").

Rule 21.8(b) was amended, effective January 1, 2007, to read: "In ruling on a motion for new trial, the court may make oral or written findings of fact." 70 TEX. B.J. 80, 80 (January 2007). Henceforth, a trial judge may summarize the evidence or explain the basis for granting or denying a motion for new trial, but this is a rule that we cannot apply to a hearing that occurred before its enactment.

6. The State's other arguments on appeal included:

    * "The State did not violate [Herndon's] right against self-incrimination";
    * "Any error was presumed cured by jury instructions";
    * Herndon "did not meet his burden on this motion."

7. *Herndon,* 115 S.W.3d at 234.

ing party was required to object to the court reporter's failure to record the proceedings, including bench conferences. The court of appeals stated that this rule was amended and renumbered in 1997 as Rule 13.1(a). The rule now requires that the official court reporter must, "unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings[.]"[8] The court of appeals noted that it had previously interpreted Rule 13.1(a) as "dispens[ing] with the requirement that a defendant had to object to the court reporter's failure to record bench conferences."[9] Under its precedent, "a court reporter's failure to record a bench conference that occurs after the trial proceedings have begun, absent an agreement by the parties to do so, was error."[10] The court of appeals then noted that, more recently, this Court had held that a defendant is still required to object to the court reporter's failure to record bench conferences to preserve error for appeal.[11] Thus, because Herndon had not objected at the time the court reporter failed to hand-record the bench conference, he did not preserve error, and the trial court therefore abused its discretion in granting the motion for new trial.[12]

## II.

■ In *State v. Gonzalez*,[13] we said, "For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice."[14] We noted that, as early as 1873, the Texas Supreme Court (which, at that time, had criminal jurisdiction), waxed eloquent on the trial court's discretion to grant a new trial in the interest of justice and had stated,

> The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court[s] should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.[15]

■ Historically, we have consistently held that a trial judge has the authority to grant a new trial "in the interest of justice" and that his decision to grant or deny a defendant's motion for new trial is reviewed only for an abuse of discretion.[16]

8. Tex.R.App. P. 13.1(a).

9. *Herndon,* 115 S.W.3d at 234 (citing *Tanguma v. State,* 47 S.W.3d 663, 674 (Tex.App.-Corpus Christi 2001, pet. ref'd)).

10. *Id.*

11. *Id.* (citing *Valle v. State,* 109 S.W.3d 500, 508–09 (Tex.Crim.App.2003)).

12. *Id.* at 234–35.

13. 855 S.W.2d 692 (Tex.Crim.App.1993) (plurality op.).

14. *Id.* at 694.

15. *Id.* (quoting *Mullins v. State,* 37 Tex. 337, 339–40 (1873)).

16. *See, e.g., Holden v. State,* 201 S.W.3d 761, 763 (Tex.Crim.App.2006) ("An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard. We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling.") (footnote omitted); *Charles v. State,* 146 S.W.3d 204, 208 (Tex.Crim.App.2004) (in reviewing the denial of a motion for new trial, "[w]e must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party. Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling.") (footnote omitted);

That discretion is not, however, unbounded or unfettered. A trial judge has discretion to grant or deny a motion for new trial "in the interest of justice," but "justice" means in accordance with the law.[17]

■■■■ A trial judge does not have authority to grant a new trial unless the first proceeding was not in accordance with the law. He cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or "received a raw deal." The legal grounds for which a trial court *must* grant a new trial are listed in Rule 21.3, but that list is illustrative, not exclusive.[18] A trial court *may* grant a motion for new trial on other legal grounds as well. In federal courts, "[a]ny error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial."[19] Even errors that would not inevitably require reversal on appeal may form the basis for the grant of a new trial, if the trial judge concludes that the proceeding has resulted in "a miscarriage of justice."[20] Although not all of the grounds for which a trial court may grant a motion for new trial need be listed in statute or rule, the trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to one under the law.[21] To grant a new trial for a non-legal or legally invalid reason is an abuse of discretion.[22] As we have explained before, the test for abuse of discretion

> "is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority

---

State v. Gonzalez, 855 S.W.2d at 695 ("An appellate court should not fault a trial judge for granting a motion for new trial when the State fails to provide an appellate record establishing an abuse of discretion.").

17. Justice is defined as the "proper administration of laws. In Jurisprudence, the constant and perpetual disposition of legal matters or disputes to render every man his due." BLACK'S LAW DICTIONARY 776 (5th ed.1979). A "miscarriage of justice" is defined as a "Decision or outcome of legal proceeding that is prejudicial or inconsistent with substantial rights of party." *Id.* at 901.

18. *State v. Evans*, 843 S.W.2d 576, 578–79 (Tex.Crim.App.1992) (list of grounds for which trial court "shall" grant a new trial set out in Rule 30(b) [now Rule 21.3] "is illustrative, not exhaustive"); *see also Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993) (re-affirming *Evans* and concluding that a new trial may be granted when a defendant establishes ineffective assistance of trial counsel even though that ground is not listed in appellate rules).

19. 3 CHARLES ALAN WRIGHT, NANCY J. KING, SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 3d § 556, at 530 (2004).

20. *Id.* § 551 at 456.

21. *See, e.g., State v. Hight*, 907 S.W.2d 845, 847 (Tex.Crim.App.1995) (trial court cannot grant a new trial as to the punishment phase of a trial only; trial court erred in attempting to legislate "public policy" rather than interpret the law as required by Art. 2, Sec. 1 of the Texas Constitution).

22. On the other hand, the Fifth Circuit, at least, has stated that "a *specific* legal error is not always required to grant a motion for new trial in the interest of justice." *United States v. Scroggins*, 379 F.3d 233, 253, 256–57 (5th Cir.2004) (emphasis added) (concluding that trial court has authority to grant a motion for new trial even "absent legal error," but only if failure to do so would likely result in *"manifest injustice"* or that evidence would " *'preponderate heavily against the verdict,* such that it would be a *miscarriage of justice* to let the verdict stand.' "), *cert. granted and judgment vacated on other grounds*, 543 U.S. 1112, 125 S.Ct. 1062, 160 L.Ed.2d 1049 (2005).

differently than an appellate court does not demonstrate such an abuse."[23]

While a trial court has wide discretion in ruling on a motion for new trial which sets out a valid legal claim, it should exercise that discretion by balancing a defendant's "interest of justice" claim against both the interests of the public in finality and the harmless-error standards set out in Rule 44.2.[24] Trial courts should not grant a new trial if the defendant's substantial rights were not affected. Otherwise, the phrase "interest of justice" would have no substantive legal content, but constitute a mere platitude covering a multitude of unreviewable rulings.

Federal courts have reviewed government appeals on the granting of new trials for considerably longer than Texas appellate courts have because the State obtained the right to appeal adverse rulings on motions for new trials in Texas state courts only in 1987.[25] Thus, although federal precedent is certainly not controlling in Texas state courts, it may provide helpful guidance in this area. For example, in deciding whether a prosecutor's remarks during closing argument affected a defendant's substantial rights and thus might call for a new trial, federal trial courts consider "(1) the magnitude of the prejudicial effect of the statements; (2) the efficacy of any cautionary instructions; and (3) the strength of the evidence of defendant's guilt."[26] Ordinarily, a trial court should not overturn a criminal conviction on the basis of a prosecutor's closing argument, standing alone, especially when the trial court gives the jury a curative instruction.[27] Further, it is generally held to be harmless error in federal courts when the court reporter fails to fully comply with the requirements to make a verbatim record of all court proceedings.[28]

**23.** *Howell v. State,* 175 S.W.3d 786, 792 (Tex. Crim.App.2005) (quoting *Brown v. State,* 870 S.W.2d 53, 55 (Tex.Crim.App.1994)).

**24.** *See* 3 CHARLES ALAN WRIGHT, NANCY J. KING, SUSAN R. KLEIN, *supra,* § 551, at 458; *see also United States v. McBride,* 862.F.2d 1316, 1319 (8th Cir.1988) (the interest of justice standard "requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial").

**25.** *See State v. Savage,* 933 S.W.2d 497, 500 (Tex.Crim.App.1996) (Clinton, J., dissenting) (noting that State obtained the right to appeal as authorized by law when Texas Constitution was amended in 1987).

**26.** *United States v. Wall,* 389 F.3d 457, 474 (5th Cir.2004).

**27.** *United States v. Carter,* 236 F.3d 777, 787 (6th Cir.2001).

**28.** *United States v. Haber,* 251 F.3d 881, 889–90 (10th Cir.2001) (when defendant did not contend that bench conferences that the court reporter failed to transcribe made it impossible to determine whether prejudicial error occurred and did not allege that he suffered any specific prejudice with respect to the omissions, he was not entitled to a new trial); *Strauss v. United States,* 311 F.2d 926, 933 (5th Cir.1963) (no reversible error shown when court reporter failed to record bench conferences; "To permit an appellant simply to claim error for failure to record under the [Court Reporter] Act, without more, would eliminate the necessity of a showing of prejudice because of the error. The error may well have been harmless when considered in the light of the facts which were reported."); *United States v. Knox,* 456 F.2d 1024, 1025 (8th Cir.1972) (reversible error shown where entire trial transcript was unavailable; "An actual transcript would be essential to proper review by this court of the proceedings which culminated in the conviction here challenged. Such a transcript is not available; therefore, we believe that in the interests of justice the cause should be remanded to the district court for another trial."); *Parrott v. United States,* 314 F.2d 46, 47 (10th Cir.1963) (reversible error shown where voir dire not recorded; "The government does not deny that in the voir dire the trial judge mentioned the other bank robbery cases pending in the same court against the defendant but argues that the error was harmless. The unavailability of

We need not today set out bright-line rules concerning appellate review of a trial court's discretion in this area, but we do conclude that a trial court would not generally abuse its discretion in granting a motion for new trial if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. The defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for new trial. On the other hand, trial courts do not have the discretion to grant a new trial unless the defendant demonstrates that his first trial was seriously flawed and that the flaws adversely affected his substantial rights to a fair trial.

There is no requirement in Texas law that, before a trial court may grant a motion for new trial, the moving party is required to show that he has timely preserved his claim of error for appeal. The losing party in the trial court must preserve any and all issues that it wishes to appeal.[29] Thus, if the trial court exercises its discretion and grants a motion for new trial, the defendant, as the prevailing party, need not have preserved, during trial, the error that he complained about in that post-trial motion. If the trial judge *denies* a motion for new trial, however, the defendant, as the losing party, must have preserved that same error before he may claim it as a basis for reversing the trial judge once he moves into the appellate court.

It has been said that "preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion."[30] Preservation of error is an inter-court systemic requirement, it is not an intra-court requirement. Thus, we have held that "there are times when, 'as justice requires' or 'in the interest of justice,' an appellate court may consider a supplemental brief or a motion for rehearing to decide an issue not presented in the original briefs," such

a full transcript because of the undisputed failure of the court reporter to comply with the statute makes it impossible for us to determine whether the errors were harmless and should be disregarded[.]'").

29. *See* Tex.R.App. P. 33.1; *see also Reyna v. State*, 168 S.W.3d 173, 175 (Tex.Crim.App. 2005) ("The basis for party responsibility is, among other things, Appellate Rule 33.1. It provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the party 'stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint' "); *Martinez v. State*, 91 S.W.3d 331, 335 (Tex.Crim. App.2002). As we noted in *Martinez*, "both Rule 33.1 and Texas Rule of Evidence 103 are 'judge-protecting' rules of error preservation. The basic principle of both rules is that of

'party responsibility.' " *Id.* We explained that "the party complaining on appeal (whether it be the State or the defendant) about a trial court's admission, exclusion, or suppression of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question." *Id.* at 335–36. The issue, "is not whether the appealing party is the State or the defendant or whether the trial court's ruling is legally 'correct' in every sense, but whether the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal." *Id.* at 336.

30. *Alonzo v. State*, 158 S.W.3d 515, 516 (Tex. Crim.App.2005) (Keller, P.J., dissenting to dismissal of the State's petition for discretionary review).

as an issue of error preservation.[31] Thus, both trial and appellate courts have the authority to exercise discretion and consider claims and arguments that were not *timely* made in that particular court as long as they are made while the parties are still in that particular court and the court otherwise has jurisdiction to hear them.

■■■ In sum, a trial judge may, but need not, grant a motion for new trial on the basis of unpreserved trial error if that error is sufficiently serious that it has affected the defendant's substantial rights. With this background, we turn to the present case.

### III.

In his motion for new trial, Herndon stated that the combination of an asserted improper argument by the prosecutor[32] and the failure of the court reporter to transcribe the bench conference—at which he objected that the prosecutor's argument commented on his right not to testify— would justify the trial court's grant of a new trial "in the interest of justice." The trial court granted the motion for new trial on the basis that the court reporter failed to stenographically transcribe the bench conference. The result of that bench conference is, however, obvious: the trial

court sustained Herndon's objection and instructed the jury to disregard the prosecutor's statement.

At the time Herndon presented his motion for new trial, the Thirteenth Court of Appeals—the court of appeals for Nueces County where this case was tried—had held that "it is error for a court reporter to fail to record a bench conference that occurs after the trial proceedings have begun without the explicit agreement of the parties."[33] The court of appeals in *Tanguma* had stated, "The change in the rule merely eliminates a procedural burden on a defendant to initially request the presence of a court reporter."[34] It explicitly held that a defendant had no duty to object to the court reporter's failure to transcribe bench conferences.[35] Thus, at the time the trial court granted Herndon's motion for new trial, the controlling precedent in the jurisdiction in which the case was tried was that a defendant need not object to a court reporter's failure to transcribe a bench conference to preserve an issue for appeal. It was almost a full year later before this Court first addressed the subject and held, in *Valle v. State*,[36] that a defendant must still object to a court reporter's failure to record bench conferences to preserve error on appeal.[37]

---

**31.** *Hughes v. State*, 878 S.W.2d 142, 151 (Tex. Crim.App.1992) (op. on reh'g) (error preservation is a "systemic requirement" that appellate courts should address even when not raised by the parties on appeal or when raised for the first time in a motion for rehearing).

**32.** We express no opinion on whether the prosecutor's argument did, in fact, comment on Herndon's right not to testify as the parties have not briefed that issue before this Court.

**33.** *Tanguma v. State*, 47 S.W.3d 663, 674 (Tex.App.-Corpus Christi 2001, pet ref'd).

**34.** *Id.* at 671.

**35.** *Id.* at 674 ("We further hold that, under these circumstances, appellant's failure to object to the court reporter's failure to record the conference has not waived the issue for appeal.").

**36.** 109 S.W.3d 500 (Tex.Crim.App.2003).

**37.** *Id.* at 508–09. This Court explicitly stated in *Valle*,

> The record does not reflect that appellant made an objection to the court reporter's failure to record the bench conferences nor does appellant allege he made such an objection at trial. Therefore, *appellant has failed to preserve his complaint for appeal.*

But Herndon did not need to preserve any error for appeal because he was the prevailing party in the trial court. The trial court granted his motion for new trial. Neither the State nor the court of appeals have cited a single case from any jurisdiction which has held that a trial court does not have the discretion to grant a new trial unless the moving party had timely preserved his claim of trial error for purposes of appeal. Nothing in the Rules of Appellate Procedure or any Texas statute requires, as a predicate to the trial court's authority to exercise its discretion to *grant* a motion for new trial, a defendant to have preserved the error during trial that he asserts in his post-trial motion for new trial. One purpose of raising complaints in the trial court as a predicate to presenting those complaints on appeal is to protect the trial judge from being "sandbagged" on appeal.[38] Here, the trial judge obviously was not "sandbagged" on appeal because Herndon presented the purported errors to him, and he granted Herndon's motion for new trial. Although the trial judge certainly could have denied the motion for new trial because Herndon failed to timely object to the court reporter's failure to record the bench conference during the prosecutor's closing argument,[39] he did not. The court of appeals erred in concluding that the trial judge abused his discretion in granting the motion for new trial on the basis that Herndon failed to

timely object to the court reporter's failure to record the bench conference.

However, the State also made numerous arguments, both in the trial court and on appeal, concerning (1) the propriety of the prosecutor's argument, (2) the fact that the trial court sustained the defense objection and instructed the jury to disregard the prosecutor's argument, and (3) the failure of Herndon to demonstrate harm either from the court reporter's failure to stenographically record the bench conference or from the prosecutor's argument. The court of appeals has not yet considered the arguments dealing with the merits of the trial judge's ruling rather than the preservation of error. Thus, we vacate the judgment of the court of appeals and remand the case to that court to address the State's remaining issues.

WOMACK, J., filed a dissenting opinion, in which KELLER, P.J., and MEYERS, J., joined.

HERVEY, J., concurred in the judgment.

WOMACK, J., filed a dissenting opinion, in which KELLER, P.J., and MEYERS, J., joined.

The Court's opinion holds that the requirement for preservation of error that is a prerequisite for appeal is not a prerequi-

---

*Id.* at 509 (emphasis added).

38. *See Black v. State,* 723 S.W.2d 674, 676 (Tex.Crim.App.1986) (Onion, P.J., dissenting) (arguing that appellant's "woefully deficient" objection at trial "sandbagged" the trial judge on appeal).

39. Although a timely trial objection is not a mandatory prerequisite to the consideration of a legal claim in a motion for new trial, a trial judge may, in the exercise of his discretion, deny a motion for new trial on this basis because the primary purpose in requiring timely objections is to permit the trial judge to

immediately rectify any potential problems and ensure that the original trial moves forward unhampered by any error in its proceedings. *See Saldano v. State,* 70 S.W.3d 873, 887 (Tex.Crim.App.2002) (stating that "objections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial. They, and the judicial system, are not burdened by appeal and retrial. When a party is excused from the requirement of objecting, the results are the opposite.").

site for a motion for new trial. Therefore, although there is no preservation issue for the court of appeals to consider on remand, it should consider "the merits of the trial judge's ruling," three aspects of which are mentioned. (*Ante,* at 911).

But that's not what this case is about. Those "merits" of the prosecutor's argument are not why the new trial was granted. As the Court's opinion clearly says (*ante,* at 905, quoting the trial court's ruling), it granted the new trial *only* "on the ground that a bench conference was not recorded during the trial."

The only question before us is whether *that* was a correct reason to grant a new trial. It wasn't, as we held in another case after this trial was over. The trial court had no discretion to be wrong about the law, although his error was understandable since the courts of appeals were in conflict at the time and the court tried to follow the (incorrect) line of decisions of the "home" court of appeals.[1] After the State gave notice of appeal in this case, we resolved a split among the courts of appeals by holding that a party must object to such a failure in order to complain on appeal.[2]

I respectfully dissent.

---

1. See *Tanguma v. State,* 47 S.W.3d 663 (Tex. App.-Corpus Christi 2000, pet. ref'd) (holding that a court reporter's failure to record a bench conference during trial was error if the parties had not agreed that such a conference not be recorded, and that a party was not required to object to the failure). After the State gave notice of appeal in this case, we resolved a split among the courts of appeals by holding that a party must object to such a failure in order to complain on appeal.

2. See *Valle v. State,* 109 S.W.3d 500, 508–09 (Tex.Cr.App.2003).

