Opinion filed April 3, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 3, 2008

 

 

 

 

                                                                        In The

    Eleventh
Court of Appeals

                                                                     _________

 

                                                          No. 11-06-00183-CR

                                                       ________

 

TERRY LYNN MCDADE,  Appellant

vs.

 STATE OF TEXAS,
Appellee



                                          On
Appeal from the 70th District Court

 Ector County, Texas

Trial Court Cause No. A-32,582



                                             M
E M O R A N D U M   O P I N I O N 

A
jury found Terry Lynn McDade guilty of the offense of aggravated assault with a
deadly weapon.  Appellant pleaded true to an enhancement paragraph.  The jury
found the enhancement paragraph to be true and assessed his punishment at
confinement for twelve and one-half years.  We affirm.








The
testimony shows that appellant and his girlfriend, Cynthia Bean, had an
intermittent and turbulent relationship.  On July 4, they had been watching a
fireworks display.  After watching the display, appellant and Bean went to
appellant=s sister=s apartment to eat and
sleep.  As Bean slept, appellant began to hit her in the head and face.  He
also stabbed Bean in the leg with a switchblade knife, kicked her, and Astomped@ on her.  He then pulled
her out of the house by her hair.  Appellant knew the police were coming, and
he told Bean, AWhile
they are shooting me, I=m
going to be stabbing and killing you.  We are going to die together.@

Appellant=s first issue on appeal is
directed toward the trial court=s
failure to grant a Anew
trial@ after a portion
of Bean=s testimony. 
Bean testified that, after appellant stomped on her head, she began to have
trouble hearing.  An objection lodged by appellant was sustained.  Appellant
asked that the jury be instructed to disregard the statement.  The trial court
instructed the jury to disregard the statement.  Appellant then moved for a Anew trial.@  We will treat appellant=s motion as one for a
mistrial.

Normally,
an error in the admission of testimony can be cured by an instruction to
disregard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  A
jury is presumed to follow the court=s
instructions.  Colburn v. State, 966 S.W.2d 511 (Tex. Crim. App. 1998). 
An instruction prevents the need for a mistrial and conserves resources by
avoiding starting the trial anew.  Young v. State, 137 S.W.3d 65, 70
(Tex. Crim. App. 2004).  Mistrials should be used in those situations where an
instruction to the jury would not leave it Ain
an acceptable state to continue the trial.@ 
Id.  Even if we assume that Bean=s
testimony regarding her loss of hearing was not admissible, which we do not
hold, the trial court quickly instructed the jury to disregard the testimony. 
We find nothing in the record to indicate that the error, if any, was such that
an instruction to disregard would not suffice to cure any error in admitting
the testimony.  Appellant=s
first issue on appeal is overruled.

 Appellant
filed a pretrial motion in which he alleged that he was Adeaf or hearing-impaired,@  and he wanted the trial
court to appoint a sign language interpreter for him.  The trial court granted
the motion.  City of Odessa Detective Kelly Cecil testified at the trial.  He
was one of the officers who went to arrest appellant.  During the trial, the
prosecutor asked Detective Cecil whether he was Ainterested
to learn that [appellant had] a hearing problem?@ 
He said that he was.  Appellant did not answer his door when Detective Cecil
and his partner knocked; however, appellant did come to the door when Detective
Cecil=s partner called
him by his street name Rabbit.  Trial counsel objected because the testimony Aappear[ed] to be a stab at
his rights to have a proper representation in the courtroom.@  The trial court overruled
the objection. 








Appellant
claims in his second issue on appeal that he should be granted a new trial
because the testimony regarding appellant=s
ability to hear was not admissible.  A trial court=s decision to grant or deny a motion for new
trial is reviewed only for an abuse of discretion.  State v. Herndon, 
215 S.W.3d 901, 906 (Tex. Crim. App. 2007).  We will not reverse a trial court=s ruling on the denial of a
motion for new trial unless the ruling is outside the zone of reasonable
disagreement.  We review a trial court=s
ruling on the admissibility of evidence under an abuse of discretion standard. 
Burden v. State, 55 S.W.3d 608, 614 (Tex. Crim. App. 2001).  In his
brief, appellant has provided us with no citations of authority to show that
the admission of the testimony was in error and that, therefore, the failure to
grant a new trial was erroneous.  Appellant has waived the issue.  See  Tex. R. App. P. 38.1(h); Salazar
v. State, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001).  Moreover, the issue
was not presented in appellant=s
motion for new trial.  In his motion for new trial, he simply avers that the
verdict is contrary to the law and the evidence.  See Tex. R. App. P. 33.1.  Appellant=s second issue on appeal is
overruled.

In
his final issue on appeal, appellant Achallenges
the trial judge=s
denial [of] an instructed verdict of >Not
Guilty= based on the
state=s lack of
evidence of serious bodily injury.@ 
We review an issue on appeal in which appellant complains about a trial court=s failure to grant a motion
for directed verdict as a challenge to the legal sufficiency of the evidence.  Williams
v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  Evidence is legally
sufficient when, viewed in the light most favorable to the verdict, a rational
jury could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307 (1979). 

Appellant=s complaint is Athe evidence of the
injuries as inflicted did not show serious bodily injury.@  Appellant was not charged
with causing serious bodily injury but, rather, bodily injury.  No
complaint is made that there was no evidence of bodily injury.  We note that
appellant does not make any argument on appeal that the State failed to show
that the knife used was a deadly weapon.  Appellant=s third issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 3, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.