

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,580/75,581

### EX PARTE BILLY FREDERICK ALLEN, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS FROM THE 195ᵀᴴ JUDICIAL DISTRICT COURT OF DALLAS COUNTY

PRICE, J., filed a concurring opinion.

### CONCURRING OPINION

I agree that the applicant is entitled to habeas corpus relief.  There are several reasons, however, that I cannot join the plurality opinion.  I write briefly to spell those out.

### THE MERITS

The convicting court long ago found that trial counsel performed in a constitutionally deficient manner by failing to discover in the course of preparing for trial the exculpatory evidence here, *i.e.*, that the victim identified his assailant to an ambulance attendant as Billy *Wayne* Allen, not Billy Frederick Allen.  For reasons explained in Judge Holcomb's plurality

opinion, I agree that this deficiency also satisfies the prejudice prong of *Strickland*.[1]  Thus, the applicant is entitled to relief on his claim of ineffective assistance of counsel—that is, assuming that he is entitled to raise that claim at all in a subsequent writ application.  To my way of thinking, the critical question in this case boils down to whether the applicant can satisfy Article 11.07, Section 4(a)(2) of the Code of Criminal Procedure,[2] so as to allow him to proceed with his meritorious claim in a subsequent writ.

## "*SCHLUP*-TYPE CLAIM"

Insofar as I can tell, the plurality permits the applicant to proceed with his meritorious claim of ineffective assistance of counsel simply because it is a so-called "*Schlup*-type claim."  I must confess, I am not entirely sure I know what this means.  It has been said that "[t]his Court" "recognize[s]" such claims.[3]  It must be emphasized, however, that we are not obligated to do so under *Schlup v. Delo*.[4]  That is a federal case concerning federal doctrines of abuse of the writ, and this Court is not remotely bound to follow it in formulating its own

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *See* Tex. Code Crim. Proc. art. 11.07, § 4(a)(2) ("If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that . . . by a preponderance of the evidence, but for a violation of the United States Constitution, no rational jury could have found the applicant guilty beyond a reasonable doubt.").

[3] *Ex parte Brown*, 205 S.W.3d 538, 544-45 (Tex. Crim. App. 2006).

[4] 513 U.S. 298 (1995).

decisional law with respect to state habeas corpus. But this Court has no option to ignore the Legislature when it prescribes a statutory abuse-of-the-writ doctrine. The question before us in this case is therefore whether the applicant's claim of ineffective assistance of counsel may be raised in his subsequent writ because it satisfies the criteria of Article 11.07, Section 4(a)(2). We have construed this provision to mean that "an applicant must accompany constitutional violation claims with a prima facie claim of actual innocence[.]"[5] In the express words of the statute, the applicant must demonstrate "by a preponderance of the evidence" that, "but for" the ineffective assistance of counsel which he alleges, "no rational juror could have found [him] guilty beyond a reasonable doubt."

Inexplicably, the plurality opinion grants the applicant relief without ever expressly undertaking this statutorily required inquiry. It seems to be enough for the plurality that the applicant has satisfied his burden of proof on both the performance and prejudice prongs of the *Strickland* standard for ineffectiveness of counsel. For my own part, I believe that no rational juror, hearing the evidence that trial counsel *should* have been in a position to present to the jury but for his constitutional deficiency, *viz*: that the victim told an ambulance attendant that his assailant had been Billy *Wayne* Allen, a real person and an acquaintance of the victim, could rationally fail to harbor a reasonable doubt as to the applicant's guilt.

---

[5] *Ex parte Brooks*, 219 S.W.3d 396, 398 (Tex. Crim. App. 2007). In Article 11.07, Section 4(a)(2), the Legislature "adopted" the *Schlup* innocence "gateway" to allow review of claims that would otherwise be barred because they might have been raised in an initial or earlier writ application. *Id.*, at 399. This Court has no choice but to "recognize" a "*Schlup*-type" claim, then, because the Legislature has specifically provided for it.

For this reason, I conclude that the applicant satisfies the criteria of Article 11.07, Section 4(a)(2), for presenting his claim in this subsequent writ application and agree that we should grant him a new trial.[6]

## INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, I cannot agree with the plurality's suggestion that the point at which the ineffective performance of trial counsel occurred was when he failed to present the ambulance attendant's testimony in the form of newly discovered evidence in a motion for new trial. The convicting court has correctly indicated that such a claim would not have been recognized as validly brought in a motion for new trial—for the very reason that supports the convicting court's finding that trial counsel was ineffective in his trial representation, namely, a lack of diligence in his trial preparation.[7] Neither can I subscribe to the unnamed, well-known criminal defense attorney's view, inferentially endorsed by the plurality, that either the trial court or an appellate court could nevertheless have granted a new trial (notwithstanding our case law with respect to newly discovered evidence raised in motions

---

[6] Indeed, the Court probably should have granted the applicant this relief back in July of 1996, when we rejected his third writ application. By then, Article 11.07, Section 4(a)(2) was in place, and the applicant undoubtedly could have satisfied it. *See* Acts 1995, 74th Leg., ch. 319, § 5, eff. September 1, 1995. Our having failed to grant relief at that time does not prohibit us, however, from granting relief now, so long as the applicant can presently satisfy the criteria of Section 4(a)(2).

[7] *See*, *e.g.*, *Jones v. State*, 711 S.W.2d 35, 36 (Tex. Crim. App. 1986) (in order to raise a claim of newly discovered evidence in a motion for new trial, an appellant must show that his "failure to discover such evidence prior to trial, or to utilize the evidence, once discovered, at the time of trial, was not a result of any want of diligence on his part").

for new trial) simply "as a matter of fundamental fairness."[8] I know of no case as of the time of the applicant's trial that would have allowed for this, and neither the well-known criminal defense attorney nor the plurality cites one.[9] Thus, I cannot identify either any deficiency in trial counsel's performance during the motion for new trial proceedings, or any prejudice deriving therefrom.

With these observations, I concur in the result.

Filed: February 4, 2009
Do Not Publish

---

[8]

Plurality opinion, at 14-15.

[9]

*See State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007) ("A trial judge has discretion to grant or deny a motion for new trial 'in the interest of justice,' but 'justice' means in accordance with the law. * * * Although not all of the grounds for which a trial court may grant a motion for new trial need be listed in statute or rule, the trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to it under the law. To grant a new trial for a non-legal or legally invalid reason is an abuse of discretion."). As *Jones v. State*, *supra*, demonstrates, the law did not sanction the granting of a new trial in the mid-1980s on the basis of newly discovered evidence if the defendant's counsel did not exercise due diligence to find it in the course of his trial preparations. Perhaps it could be said that trial counsel was ineffective in failing to raise his own trial-level ineffectiveness during the motion for new trial proceedings, or in failing to step aside to allow other counsel thus to raise his ineffectiveness. The trial court might have entertained a claim that the applicant, under those circumstances, was entitled to a new trial in the interest of justice. I do not understand that, however, to be the plurality's suggestion.