PD-0599-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/10/2015 3:50:30 PM
Accepted 12/11/2015 9:36:51 AM
ABEL ACOSTA
CLERK

PD-0599-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

THE STATE OF TEXAS
*RESPONDENT-APPELLANT*

FILED IN
COURT OF CRIMINAL APPEALS

December 11, 2015

ABEL ACOSTA, CLERK

vs.

MARK TWAIN SIMPSON
*PETITIONER-APPELLEE*

ON DISCRETIONARY REVIEW FROM
THE FIFTH COURT OF APPEALS
CAUSE NO. 05-14-00618-CR

APPEAL FROM CRIMINAL DISTRICT COURT NO. 4
OF DALLAS COUNTY, CAUSE NO. F13-56596-K

PETITIONER'S REPLY BRIEF ON THE MERITS

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Petitioner/Appellee*

## Reply

In Simpson's brief on discretionary review, he argued that, when an appellate court evaluates whether a defendant "substantiated" a claim in a motion for new trial, *see State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007), it must look only to whether he supported the claim with evidence. Not itself evaluate the merits of the claim.

The State in response doesn't address that issue. Instead, the State again argues the merits of the claim—just like it did before the court of appeals, and as the court of appeals then followed. Indeed, that is the entirety of the State's response: boilerplate on the standard of review and disproportionate sentencing, and then argument as to the merits of Simpson's claim. (St. Br. at 8-23). The State explicitly characterizes its argument as:

> Specifically, the original sentence assessed by the trial court was not grossly disproportionate to the offense committed and the first punishment trial was not so seriously flawed as to affect Appellee's substantial rights and justify granting the motion for new trial…. The evidence simply did not spport his claim of a grossly disproportionate sentence.

(St. Br. at 13). The State's "Summary of Argument," too, makes clear its only focus. (St. Br. at 8).

Simpson appreciates the State's lasting desire to return to the facts. His is a criminal case, after all. But this Court—this appellate court—granted Simpson's petition on a question of law. And as to that question, Simpson urges this Court that the State's total failure to respond is indicative of the question's answer. The requirement that a defendant "substantiate" his legal claim does not demand that a defendant prove it—just support it with evidence. Again, this is evinced by, if nothing else, exactly what occurred in this case—reading "substantiate" to mean "prove" demands reviewing courts substitute their judgments for the district courts'. *Cf. Herndon*, 215 S.W.3d at 907-08 (The "test for abuse of discretion 'is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action.'") (quoting *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005) (quoting *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994))). And, again, *Herndon*'s plain language—which the court of appeals ostensibly considered, but obviously ignored—states "[t]he defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for new trial." *Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007); *see also State v. Zalman*, 400

S.W.3d 590 (Tex. Crim. App. 2013) (this Court evaluated whether Zalman substantiated his valid legal claim by considered whether he provided evidence that "support[ed]" his claims); *State v. Varkonyi*, No. 08-06-00262-CR, 2008 WL 821580, *4 (Tex. App.—El Paso 2008, pet. dism'd) (considering whether the defendant's evidence was "capable of *supporting* a new trial."); *Merriam–Webster Online Dictionary*, http://www.merriam-webster.com/dictionary/substantiate (last visited November 5, 2015) (definition of "substantiate": "to give substance or form to").

As to the relevant inquiry, Simpson most certainly presented some evidence supporting his legal claim that his 30-year-old crimes, committed as a teenager, and for which he already served a lengthy sentence, were far too remote to support such a harsh sentence here. Accordingly, Simpson again respectfully requests this Court to reverse the decision of the court of appeals and accord proper deference to the trial court's discretion.

Respectfully submitted,

/s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

4

_____/s/ Brett Ordiway_____
BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Petitioner-Appellee*

5

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Petitioner's Reply Brief on the Merits was electronically served to the Dallas County District Attorney's Office and the State Prosecuting Attorney on on December 10, 2015.


　　　　　　　　　/s/ Bruce Anton
　　　　　　　　BRUCE ANTON


## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(C) because this petition contains 565 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.


　　　　　　　　　/s/ Bruce Anton
　　　　　　　　BRUCE ANTON