**Affirmed and Opinion Filed September 4, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00162-CR

### THE STATE OF TEXAS, Appellant
### V.
### JUNAID FAROOGUI, Appellee

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-45745-S**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

The State of Texas appeals the trial court's order granting appellee Junaid

Faroogui's motion for new trial. At appellee's July 2022 jury trial for sexual assault,

the trial judge required the witnesses, and everyone in the courtroom, to wear masks

due to the Covid-19 pandemic, over appellee's Confrontation Clause objection.

After the jury found appellee guilty, the trial judge recused herself and another judge

was assigned to the case. That judge granted appellee's motion for new trial on

Confrontation Clause grounds. In this appeal, the State contends the mask

requirement did not violate appellee's Sixth Amendment right to confront witnesses

and, even if it did, the trial court found the mandate was necessary to protect trial participants from Covid. Finding no abuse of discretion, we affirm the order granting appellee a new trial.

## Background

Appellee was charged by indictment with intentionally and knowingly causing the penetration of the female sexual organ of Jane Pseudonym with his finger without her consent in March 2016. A jury was selected on June 27, 2022, and after a break, witness testimony began on July 11, 2022.

As the complainant took the stand, the trial judge instructed her to keep her mask on. Evidence showed that when she was nine months pregnant, the complainant went to see appellee, a licensed chiropractor, for help with back pain. Appellee told her was going to check her dilation and proceeded to put his fingers inside her vagina and also massage her labia.

Before cross-examining the complainant, defense counsel objected to the witness having a mask on because it violated appellee's "right to cross-examination and a public trial" under the Sixth Amendment and the Texas Constitution. The judge responded that the trial was public because it was streaming on Facebook and that masks were required for everyone in the courtroom "pursuant to the 51st Emergency Order issued by the Texas Supreme Court."[1] Later on in the cross-

---

[1] The Texas Supreme Court issued its 52nd Emergency Order shortly before trial. *Fifty-Second Emergency Order Regarding the Covid-19 State of Disaster*, 660 S.W.3d 100 (Tex. June 20, 2022).

–2–

examination, counsel renewed his objection to the mask requirement "based on confrontation and a public trial." The judge responded, "Based on Dallas County's yellow level, and the fact that the pandemic is still real, your request is denied." Citing the 51st Emergency Order again, the judge stated, "[M]asks are mandated inside this courtroom for everyone."

After hearing from other witnesses for both sides, the jury found appellee guilty of sexual assault. It assessed punishment at confinement for 10 years and recommended that appellee be placed on community supervision. The trial court followed the jury's recommendation and placed appellee on community supervision for 10 years. The trial concluded on July 14, 2022.

Four days later, appellee retained new defense counsel and moved to recuse the trial judge on grounds the judge's impartiality might reasonably be questioned and the judge has a personal bias or prejudice concerning the subject matter or a party. *See* TEX. R. CIV. P. 18b(b). The trial judge voluntarily recused herself. The Presiding Judge of the First Administrative Judicial Region transferred the case to another court, but later transferred it back to the 282nd District Court and assigned it to Judge Michael Snipes.

Appellee timely filed a motion for new trial. He asserted he was entitled to a new trial for several reasons, one of which was that the complainant testified while wearing a mask that obscured her face even though she was behind Plexiglas.

–3–

Appellee argued he was denied his right to confront his accuser without the required evidence it was necessary to do so to further an important public policy.

Judge Snipes held a hearing on the motion for new trial. Appellee's trial counsel Cody Cofer testified and described how the courtroom was set up during trial. He stated the jury was seated in the gallery, spaced apart. Witnesses did not testify from the usual witness stand, but rather from another spot in the courtroom. Plexiglas dividers surrounded the witnesses as they testified. Cofer represented that after trial one of the jurors asked him why they had to wear masks and reported it was hard to evaluate credibility. According to Cofer, several other jurors agreed. Cofer testified the trial judge did not make specific findings about why she was requiring witnesses to wear masks while testifying.

In February 2023, Judge Snipes issued his "Findings of Fact and Order on Defendant's Motion for New Trial." The judge set aside the judgment of conviction and granted appellee a new trial on Confrontation Clause grounds. The judge found that at trial in July 2022, masks were worn by testifying witnesses over defense counsel's Confrontation Clause objection. In overruling appellee's trial objection, the trial judge cited the ongoing pandemic and the supreme court's Emergency Order. Judge Snipes concluded the law requires a trial court to make case-specific findings on the need for the departure from physical, face-to-face confrontation. He found the Emergency Order in effect at the time of trial did not mandate face coverings, "showing an evolution away from the stricter directives of previous

–4–

orders that *did* require face coverings in the courtroom." *See Fifty-Second Emergency Order Regarding the Covid-19 State of Disaster*, 660 S.W.3d 100 (Tex. 2022). Judge Snipes further found the trial judge did not sufficiently articulate a case-specific finding about the need for witnesses to wear masks. He was unable to conclude beyond a reasonable doubt that the violation of appellee's right to confrontation did not contribute to his conviction. The State timely filed a notice of appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3).

## Analysis

The State raises two issues in this appeal. It contends the trial judge's decision to require witnesses to wear masks did not violate appellee's right to confrontation. It also contends that if the judge's mask mandate dispensed with traditional face-to-face confrontation, it was necessary and in the public interest to do so due to the ongoing pandemic.

We are not directly reviewing the trial judge's ruling on appellee's Confrontation Clause objection. We are reviewing Judge Snipes's decision to grant appellee a new trial based on his determination that appellee was denied his right to confront witnesses face-to-face. This is an important distinction because it impacts our standard of review. A trial judge's decision to grant a new trial is reviewed only for an abuse of discretion, but that discretion is not unbounded or unfettered. *State v. Arizmendi*, 519 S.W.3d 143, 148 (Tex. Crim. App. 2017); *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007); *see Najar v. State*, 618 S.W.3d 366, 372

–5–

(Tex. Crim. App. 2021) (we "apply a uniformly deferential standard of review to a trial court's finding in ruling on a motion for new trial"). The trial judge does not have discretion to grant a new trial unless the defendant shows he is entitled to one under the law. *Herndon*, 215 S.W.3d at 907. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's actions. *Id.* Rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. *Id.* at 907–08.

The Texas Court of Criminal Appeals has instructed that a trial court would not generally abuse its discretion in granting a motion for new trial if the defendant (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Texas Rule of Appellate Procedure 44.2. *Id.* at 909; *see* TEX. R. APP. P. 44.2 (if there is constitutional error in criminal case that is subject to harmless error review, court of appeals must reverse unless it determines beyond a reasonable doubt the error did not contribute to conviction or punishment). The defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for new trial. *Herndon*, 215 S.W.3d at 909.

The Confrontation Clause of the Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend VI; *Maryland v. Craig*, 497 U.S. 836, 844 (1990). The Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact. *Craig*, 497 U.S. at 844. The requirement of face-to-face confrontation is not absolute, but it may not be easily dispensed with. *Id.* at 850. An encroachment upon face-to-face confrontation is permitted only when necessary to further an important public interest and when the reliability of the testimony is otherwise assured. *Romero v. State*, 173 S.W.3d 502, 505 (Tex. Crim. App. 2005). There must be a case-specific finding of necessity and the trial court must hear evidence. *Dies v. State*, 649 S.W.3d 273, 280 (Tex. App.—Dallas 2022, pet. ref'd) (citing *Haggard v. State*, 612 S.W.3d 318, 325 (Tex. Crim. App. 2020)); *see Craig*, 497 U.S. at 855. A denial of physical, face-to-face confrontation is reviewed for harmless error. *Haggard*, 612 S.W.3d at 328.

Citing case law from other jurisdictions, the State argues there was no encroachment on appellee's right to confrontation because the witnesses were present in the courtroom and the masks did not significantly obstruct the jury's ability to observe a testifying witness's behavior. According to the State, the jury could "fully observe every facet of a testifying witness's demeanor except the nose and mouth." Alternatively, the State contends that if the mask requirement departed from face-to-face confrontation, the ongoing pandemic during trial created a public

interest exception for doing so. The State asserts the trial judge made the required case-specific, evidence-based finding by citing the Texas Supreme Court's Emergency Order and the Dallas County Covid-19 risk level.

Neither the United States Supreme Court nor the Texas Court of Criminal Appeals has decided whether a criminal defendant's right to face-to-face confrontation is denied when a witness testifies at trial wearing a mask that covers her nose and mouth. The issue is currently pending before the court of criminal appeals. *See Finley v. State*, 655 S.W.3d 504 (Tex. App.—Fort Worth 2022, pet. granted) (op. on reh'g). The *Finley* court and one other Texas court of appeals have determined that requiring witnesses to wear face masks is a departure from face-to-face confrontation. *See Smith v. State*, No. 14-23-00048-CR, 2024 WL 790336, *5–6 (Tex. App.—Houston [14th Dist.] Feb. 27, 2024, pet. filed); *Finley*, 655 S.W.3d at 513. *Finley* is cited in the order granting appellee a new trial. These courts concluded that when a witness's nose and mouth are concealed, a jury's ability to assess demeanor is compromised to some extent. *Id.* at *5–6; *Finley*, 655 S.W.3d at 513. They both relied on *Romero*, a case in which the court of criminal appeals found the defendant was denied the right to confrontation when one of the State's witnesses wore a disguise while testifying that left only his ears, the tops of his cheeks, and the ridge of his nose visible. *Romero*, 173 S.W.3d at 505–06 (stressing importance of jurors' ability to view witness's face, "the most expressive part of the body and something that is traditionally regarded as one of the most important facts in

–8–

assessing credibility"). In both *Finley* and *Smith*, the appellate court determined there were insufficient findings to show the witnesses' particular need to wear a mask and therefore the defendant's right to confrontation was denied. *Smith*, 2024 WL 790336 at *8 (all witnesses wore masks); *Finley*, 655 S.W.3d at 515 (one witness wore mask).

We need not determine the merits of appellee's Confrontation Clause objection to decide this case. Whether we believe appellee was in fact denied his right to confrontation is immaterial under the applicable standard of review. His argument was within the zone of reasonable disagreement. Appellee articulated a valid legal claim in his motion for new trial, denial of his right to confront witnesses. He argued the trial judge's mask mandate for witnesses was a departure from face-to-face confrontation and that it was done without the required case-specific, evidence-based findings that it was necessary to do so. He produced evidence and pointed to evidence in the trial record that substantiated his legal claim. He showed that witnesses were required to wear masks despite testifying behind Plexiglas and that the trial court's stated reasons for the requirement were an Emergency Order that did not mandate masks and the fact that the Dallas County Covid-19 risk level was yellow. He also argued and presented evidence the mask mandate prejudiced his substantial rights. *See Herndon*, 215 S.W.3d at 909. Under these circumstances and our deferential standard of review, we conclude the trial court's decision to grant appellee a new trial on Confrontation Clause grounds was not an abuse of discretion.

We affirm the trial court's order granting appellee's motion for new trial.

230162f.u05
Do Not Publish.
TEX. R. APP. P. 47.2(b).

/Amanda L. Reichek//
AMANDA L. REICHEK
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-23-00162-CR     V.

JUNAID FAROOGUI, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-45745-S. Opinion delivered by Justice Reichek. Justices Molberg and Smith participating.

Based on the Court's opinion of this date, the trial court's order granting appellee's motion for new trial is **AFFIRMED**.

Judgment entered this 4th day of September, 2024.