Affirmed and Memorandum Opinion filed September 4, 2007








Affirmed and Memorandum Opinion filed September 4, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00369-CR

____________

 

MOHAMMAD ADEL RAZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 980,304

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Mohammad Adel Raza, pleaded guilty to aggravated
robbery and was sentenced by the trial court to twelve years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  See
Tex. Penal Code Ann. '' 29.02(a)(2), 29.03(a)(2).  In a single
issue, appellant contends the trial court erred in denying his motion for new
trial based on ineffective assistance of counsel.  We affirm.








Factual and Procedural Background

A Harris County grand jury indicted appellant for
aggravated robbery.  The indictment alleged appellant exhibited a firearm
during the course of committing theft of property owned by Saeed Hussein (AComplainant@) and
intentionally and knowingly placed Complainant in fear of imminent bodily
injury and death.  

On January 24, 2006, appellant pleaded Aguilty@ to the offense of
aggravated robbery, without an agreed sentence recommendation, and requested a
pre-sentence investigation report (APSI@).  The trial
court admonished appellant of the consequences of his plea orally and in
writing, withheld a finding of guilt, and ordered appellant=s case reset for a
PSI report.  After a punishment hearing, the trial court found appellant guilty
and assessed punishment at confinement for twelve years.  

On April 13, 2006, appellant filed a motion for new trial
alleging he received ineffective assistance of counsel.  In his motion,
appellant argued his trial counsel=s performance was
deficient because counsel failed to investigate, subpoena witnesses, or pursue
the defensive strategy chosen by appellant, and because counsel promised
appellant he would receive probation if appellant entered a plea of guilty. 
Five affidavits were attached to appellant=s motion.[1] 
The trial court conducted a hearing on appellant=s motion for new
trial on June 6, June 8, and June 27, 2006.  Three witnesses testified at the
hearing: George Reyes (appellant=s trial counsel),
Hamid Hussein (the Complainant=s brother), and Angela Weltin (the
prosecuting attorney).  The trial court denied appellant=s motion on June
27, 2006.  This appeal followed.

 

Discussion

In his single issue on appeal, appellant argues he received
ineffective assistance of counsel at trial because his counsel failed to
conduct an adequate factual investigation.  Therefore, appellant contends, the
trial court erred in denying his motion for new trial. 

I.
Standards of Review

A. Motion for New Trial

We review the denial of a motion for new trial for an abuse
of discretion.  Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App.
2004).  The test for abuse of discretion Ais not whether, in
the opinion of the reviewing court, the facts present an appropriate case for
the trial court=s action; rather, it is a question of
whether the trial court acted without reference to any guiding rules or
principles, and the mere fact that a trial court may decide a matter within its
discretionary authority differently than an appellate court does not
demonstrate such an abuse.@  State v. Herndon, 215 S.W.3d 901,
907B08 (Tex. Crim.
App. 2007).  We do not substitute our own judgment for the trial court=s judgment.  Charles,
146 S.W.3d at 208.  We review the evidence in the light most favorable to the
trial court=s ruling and presume that all reasonable findings that
could have been made against the losing party were so made.  See id. 
Only when no reasonable view of the record could support the trial court=s ruling do we
conclude that the trial court abused its discretion by denying the motion for
new trial.  Id.

B. Ineffective
Assistance of Counsel








In reviewing claims of ineffective assistance of counsel,
we apply a two-prong test.  See Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).  To establish ineffective
assistance of counsel, appellant must prove by a preponderance of the evidence
that (1) his trial counsel=s representation was deficient in that it
fell below the standard of prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different. Id.  A reasonable
probability is a probability sufficient to undermine confidence in the outcome. 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).   

When evaluating a claim of ineffective assistance, the
appellate court looks to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome
the presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@ Thompson,
9 S.W.3d at 813.  When the record is silent as to the reasons for counsel=s conduct, a
finding that counsel was ineffective would require impermissible speculation by
the appellate court. Stults, 23 S.W.3d at 208. Absent specific
explanations for counsel=s decisions, a record on direct appeal
will rarely contain sufficient information to evaluate an
ineffective-assistance claim.  Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). 

II. Analysis   

Appellant claims his counsel rendered ineffective
assistance by allegedly failing to conduct an adequate investigation. 
Specifically, appellant argues his counsel failed to properly interview fact
witnesses, including appellant, appellant=s brother, and the
Complainant, regarding appellant=s defensive
theory.  Appellant further contends his counsel failed to investigate the
likelihood of the Complainant appearing to testify in court.  








A criminal defense lawyer has a duty to make an independent
investigation of the facts of a case, which includes seeking out and
interviewing potential witnesses.  Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990).  A breach of the duty to investigate may result in a
finding of ineffective assistance Awhere the result
is that any viable defense available to the accused is not advanced.@  Ex parte
Ybarra, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982).  In defining the duty
to investigate, the United States Supreme Court has stated that Acounsel has a duty
to make reasonable investigations or to make a reasonable decision that makes
particular investigations unnecessary.  In any ineffectiveness case, a
particular decision not to investigate must be directly assessed for reasonableness
in all the circumstances, applying a heavy measure of deference to counsel=s judgments.@  Strickland,
466 U.S. at 691, 104 S.Ct. at 2066.  

Turning to the facts of this case, the record shows
appellant=s trial counsel had sufficient communication with
appellant to understand appellant=s defensive theory
and formulate a trial strategy.  In his affidavit, appellant testified that
when he hired his trial counsel, appellant told counsel that the Complainant
fabricated the allegation of aggravated robbery as retribution for non-payment
of a debt owed by appellant to the Complainant.  At the hearing on appellant=s motion for new
trial, counsel testified that he understood appellant=s defense and
planned to pursue it at trial.  Counsel testified:

I had picked up this case on or about August >05 and had this case and [a]
considerable amount of resets for quite some time, so I pretty much knew
everything in the district attorney file because they had given me everything. 
I knew the defense, a defense strategy I had up my sleeve regarding Mr. Raza=s case and basically it was . . . Mr.
Hussein=s word against Mr. Raza as far as I
was concerned.  Mr. Raza had worked for Mr. Hussein for a while.  Mr. Raza
continued to adamantly sustain [sic] his innocence and that=s what I was going to do to try to
convince the jury B Mr. Raza is here to defend himself because he was not guilty
on this case and the evidence they had was regarding a disgruntled complaining
witness because Mr. Raza had not paid him.  I had my strategy planned also on
Mr. Hussein. Mr. Hussein was forced to come to court.  He didn=t want to come over here and testify
against Mr. Raza. 








The record further demonstrates that counsel interviewed
the Complainant prior to the time of trial and obtained pertinent information. 
At the hearing on appellant=s motion for new trial, counsel testified
he called the Complainant and spoke to him regarding appellant=s case.  Counsel
testified: AI asked him the million dollar question.  I asked him if it was true that
Mr. Raza had held him up at gunpoint and robbed him of his money. . . . He said
[appellant] did.@  Counsel also asked the Complainant if he was planning to
appear in court and testify against appellant, and the Complainant stated that
he was not.  Counsel testified he was planning to ask the Complainant questions
regarding appellant=s debt, if the Complainant appeared and testified at trial.  
          

Counsel testified he did not interview appellant=s brother, Shobi
Raza.  However, counsel testified he spoke to appellant regarding his brother=s anticipated
testimony.  Appellant told counsel that Shobi Raza paid money to the
Complainant as satisfaction for appellant=s debt. 
Photocopies of stubs from money orders allegedly used to pay the Complainant
were present in counsel=s file.  Based on our review of Shobi Raza=s affidavit
testimony, we find that his testimony was of limited value to appellant=s defense because,
at most, it could establish the existence of a debt owed by appellant to the
Complainant.

Counsel testified that part of his strategy was to progress
to trial and see if the Complainant appeared to testify.   If the Complainant
appeared, counsel planned to pursue appellant=s defensive theory
that the Complainant fabricated the allegation of aggravated robbery as
retribution for appellant=s non-payment of a debt owed to the
Complainant.  When the Complainant appeared in court, counsel approached the
Complainant and inquired about his intentions.  The Complainant stated he was
planning to testify that appellant robbed him at gunpoint.  Appellant asked
counsel what his options were, and counsel told appellant he could try the
case, enter into a plea bargain with the State, or enter a plea of guilty and
request a PSI report.  Appellant chose to enter a plea of guilty and request a
PSI report.

Based on counsel=s actions, we do
not conclude that counsel=s performance was deficient. The
investigation conducted by appellant=s trial counsel
was reasonable under the circumstances and the trial court did not abuse its
discretion in denying appellant=s motion 

for
new trial.  Accordingly, we overrule appellant=s issue and affirm
the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 4, 2007.

Panel consists of
Justices Anderson, Frost, and Mirabal.[2]

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Affidavits of the following persons were attached to
appellant=s motion: 1) appellant, 2) Shobi Raza (appellant=s brother), 3) Hamid Hussein (the Complainant=s brother), 4) Roland Moore (appellant=s first attorney), and 5) Anthony Muharib (appellant=s second attorney).  At the time of appellant=s guilty plea, appellant was
represented by George Reyes.  Reyes was the third attorney to represent
appellant in this case.  





[2]  Former Justice Margaret G. Mirabal sitting by
assignment.