

# NUMBER 13-11-00619-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GUADALUPE TOVAR CHAVEZ JR.,                              Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, Guadalupe Tovar Chavez Jr., raises three issues in his appeal from a conviction for the state jail felony offense of evading arrest. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West Supp. 2011). We affirm.

# I. BACKGROUND

The evidence and testimony offered at appellant's jury trial established that, on September 23, 2010, Officer Guadalupe Garcia of the City of Pharr Police Department was in his police vehicle when he observed appellant operating a motor vehicle with an expired vehicle registration and an expired state inspection sticker. Subsequently, Officer Garcia activated his police siren and began following closely behind appellant's vehicle in an attempt to effectuate a traffic stop. Appellant did not stop for the officer. Instead, appellant activated his hazard lights, rolled down his window, and reached his hand outside the car to gesture to the officer to follow him. Appellant did not stop his vehicle until he reached his residence, approximately three blocks away, where he was arrested by Officer Garcia for evading arrest.

A jury found appellant guilty of evading arrest. The trial court placed appellant on probation for two years. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

In appellant's second issue, which we address first, appellant argues that the evidence was insufficient to support his conviction.

### A. Standard of Review

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899-99 (Tex. Crim. App. 2010) (plurality op.) (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified

in finding guilt beyond a reasonable doubt"). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

In reviewing the sufficiency of the evidence, we look at events occurring before, during, and after the commission of the offense, and we may rely on actions of the appellant that show an understanding and common design to do the prohibited act. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Each fact need not point directly and independently to the appellant's guilt, so long as the cumulative effect of all the incriminating facts is sufficient to support the conviction. *Id.*

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 307 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

3

**B.     Discussion**

Under a hypothetically correct jury charge, the State was required to prove beyond a reasonable doubt that appellant intentionally used a vehicle to flee from a person he knew was a peace officer attempting lawfully to arrest or detain him.  *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B).

Appellant argues that the State failed to meet this burden because the undisputed evidence proved that, after Officer Garcia activated his police siren and attempted to effectuate the traffic stop, appellant:  (1) drove slowly; (2) did not accelerate; (3) did not drive in a reckless manner; (4) acknowledged the officer by activating his hazard lights; (5) gestured to the officer to follow him; (6) continued driving for only three blocks; (7) made no effort to elude the officer; (8) eventually stopped at his home, which he considered to be the first safe place to stop because "he needed a witness present at the stop to avoid any issues with the police"; and (9) complied with the officer's orders after exiting the vehicle at his residence.

At trial, the evidence established that Officer Garcia was attempting to lawfully detain appellant at the time this incident occurred.  The evidence also established that appellant was aware that Officer Garcia was a peace officer who was attempting to effectuate a traffic stop.  The evidence established that appellant did not stop for Officer Garcia, but instead intentionally kept driving after he knew Officer Garcia was attempting to effectuate a traffic stop.  Therefore, the question presented is whether the evidence is sufficient to establish that appellant intentionally fled from the officer.

The Amarillo Court of Appeals has noted that "while speed, distance, and duration of pursuit may be factors in considering whether a defendant intentionally fled,

4

no particular speed, distance, or duration is required to show the requisite intent if other evidence establishes such intent." *Griego v. State*, 345 S.W.3d 742, 751 (Tex. App.—Amarillo 2011, no pet.). In *Griego*, the Amarillo Court of Appeals cited an unpublished opinion by this Court involving factual circumstances that closely parallel those presented in this case. *See id.* (citing *Robinson v. State*, Nos. 13-10-00064-CR, 13-10-00065-CR, 2011 Tex. App. LEXIS 1844, at *14-15 (Tex. App.—Corpus Christi Mar. 10, 2011, no pet.) (mem. op., not designated for publication) (concluding that, even though appellant only drove approximately three blocks at a slow speed, her own testimony established that she had seen police lights but had refused to stop because she was "afraid")).

In *Robinson*, we quoted a decision by the Texarkana Court of Appeals, which explained that "'fleeing' is anything less than prompt compliance with an officer's direction to stop." *Robinson*, 2011 Tex. App. LEXIS 1844, at *14-15 (citing *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.)). In upholding the sufficiency of the evidence in *Robinson*, we borrowed language from a second opinion by the Texarkana Court of Appeals, which explained that "fleeing slowly is still fleeing." *Id.* (citing *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.)).

Based on the foregoing, we conclude that the evidence was sufficient to prove that appellant intentionally fled when he intentionally kept driving and did not stop for Officer Garcia after he knew Officer Garcia was attempting to effectuate a lawful traffic stop. Accordingly, appellant's second issue is overruled.

## III. JURY-CHARGE ERROR

In his first issue, appellant complains of error in the jury charge. Specifically, appellant argues that it was error for the trial court to fail to include in the jury charge an instruction on the defense of necessity. *See* TEX. PENAL CODE ANN. § 9.22 (West 2011). Appellant did not request the instruction. Appellant told the trial court he had "no objection" to the jury charge.

A claim of jury-charge error is typically reviewed using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). However, the Texas Court of Criminal Appeals has explained that "*Almanza* does not apply unless the appellate court first finds 'error' in the jury charge." *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). In *Posey*, the Texas Court of Criminal Appeals further explained:

> The "plain" language of Article 36.14 makes clear that a defendant must object to the charge before he may be heard to complain on appeal about "errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts.

*Id.*

Therefore, "there generally is no 'error' in the charge unless the defendant objects in writing to claimed 'errors' of commission and omission in the charge." *Id.* Otherwise, Article 36.14 would be rendered "meaningless by permitting a defendant to complain for the first time on appeal about the omission of a defensive issue in the court's charge." *Id.* at 61 n.9.

Based on the foregoing, we conclude that there is no error in the trial court's failure to instruct the jury on the defense of necessity because appellant failed to object

6

to the charge and because he affirmatively stated that he had "no objection" to the charge.

Appellant's first issue is overruled.

## IV. MOTION FOR NEW TRIAL

In his third issue, appellant complains that the trial court erred in denying his motion for new trial.

### A. Applicable Law

A trial judge does not have authority to grant a new trial unless the first proceeding was not in accordance with the law. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). The legal grounds for which a trial judge must grant a new trial are listed in Rule 21.3 of the Texas Rules of Appellate Procedure, but that list is illustrative, not exclusive. *Id.* (citing TEX. R. APP. P. 21.3). A trial judge may grant a motion for new trial on other legal grounds as well. *Id.* Even errors that would not inevitably require reversal on appeal may form the basis for the granting of a new trial if the trial judge concludes that the proceeding has resulted in "a miscarriage of justice." *Id.* Nonetheless, a trial judge must have a legally valid reason for granting a new trial; he cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or "received a raw deal." *Id.*

### B. Standard of Review

We review the trial court's ruling on a motion for new trial for abuse of discretion. *Id.* The test for abuse of discretion:

> is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within

7

its discretionary authority differently than an appellate court does not demonstrate such an abuse.

*Id.* at 907-08.

## C.    Discussion

In his motion for new trial, appellant asserted that "[t]he verdict in this cause is contrary to the law and the evidence." In support of this contention, appellant asserted that he:

> was prevented from the introduction of competent, relevant evidence regarding [his] state of mind at the time of the alleged police pursuit that resulted in his arrest, the circumstances in which the arrest was made, and related evidence regarding [his] prior interactions with the City of Pharr Police Department, and other elected officials by virtue of his prior political candidacy in said city.

Based on the foregoing, and in the interests of justice, appellant requested that the trial court grant a new trial.

Although appellant argues that, in his motion for new trial, he also "raised the non-inclusion of the justification instruction regarding necessity," our review of appellant's motion for new trial indicates that the grounds raised by appellant were limited to the foregoing grounds and did not include any alleged jury charge error. Accordingly, we will not revisit the issue of jury charge error in deciding appellant's challenge to the denial of his motion for new trial.

Appellant has also generally asserted that the trial court should have granted his motion for new trial because the evidence was insufficient. As noted above, appellant argued in his motion for new trial that he "was prevented from the introduction of competent, relevant evidence," which suggests that appellant offered evidence that the trial court improperly excluded. However, appellant has not briefed any evidentiary

8

error in this appeal.  There being no further explanation for how the "[t]he verdict in this cause is contrary to the law and the evidence," we conclude that appellant has failed to demonstrate that the trial court abused its discretion in denying his motion new trial.

Appellant's third issue is overruled.

**V. CONCLUSION**

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
9th day of August, 2012.