AFFIRM; Opinion Filed November 21, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01643-CR
No. 05-11-01644-CR

**SAMUEL MONTANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-53865-X, F11-00223-X**

# MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

Samuel Montano pleaded guilty to two counts of aggravated sexual assault of a child under

14 in trial court cause numbers F10-53865-X and F11-00223-X. In a single issue on appeal, Montano

claims he received ineffective assistance of counsel when his trial counsel failed to object to hearsay

testimony and was not sufficiently fluent in Spanish to explain the proceedings to Montano. We

decide against Montano on his sole issue on appeal in each case. The trial court's judgments are

affirmed. Because all dispositive issues are clearly settled in law, we issue this memorandum

opinion. *See* TEX. R. APP. P. 47.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Montano was charged by separate indictments with two counts of aggravated sexual assault of a child under 14 in trial court cause numbers F10-53865-X and F11-00223-X. Montano pleaded not guilty and elected a trial by jury in cause number F10-53865-X. After a jury was selected, Montano withdrew his not guilty plea, entered a plea of guilty, and elected to have the jury assess his punishment. That same day Montano entered an open plea of guilty in cause number F11-00223-X. The trial judge found Montano guilty and carried cause number F11-00223-X until the jury assessed punishment in cause number F10-53865-X. The trial judge and both parties agreed the trial judge would render a sentence in cause number F11-00223-X that would be the same as the jury's punishment verdict in cause number F10-53865-X, with the sentences to run concurrently, in exchange for withdrawal of Montano's objection to evidence from cause number F11-00223-X being presented to the jury.

Following the presentation of punishment evidence, the jury sentenced Montano to 99 years' confinement and a $10,000 fine in cause number F10-53865-X. The trial judge then rendered the same sentence in cause number F11-00223-X. Montano's trial counsel filed motions for new trial in each case, alleging that the verdict and sentences were contrary to the law and evidence. Montano's appellate counsel filed amended motions for new trial in each case, alleging ineffective assistance of trial counsel because he allegedly did not effectively communicate with Montano in cause number F11-00223-X and Montano's guilty plea was not made knowingly and voluntarily in cause number F10-53865-X. The issue of trial counsel's failure to object to hearsay testimony raised on appeal was not addressed in the trial court. The trial court heard evidence regarding the motions, but Montano's trial counsel was not called to testify. The motions were denied.

In a single issue on appeal, Montano maintains that he received ineffective assistance of counsel. First, Montano argues his trial counsel failed to object to hearsay testimony and thereby denied Montano the right to confrontation. Second, Montano contends, as he did at the hearing on his motions for new trial, that "he was surprised, confused and never fully understood the proceedings, essentially because of a language barrier between him and his attorney." We decide against Montano on this issue and affirm the trial court's judgment.

## II. STANDARD OF REVIEW

"An appellate court reviews a trial court's denial of a motion for new trial under the 'abuse of discretion' standard." *Charles v. State,* 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b), *as recognized in State v. Herndon,* 215 S.W.3d 901, 905 n. 5 (Tex. Crim. App. 2007)). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* "We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party." *Id.* "Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.*

## III. APPLICABLE LAW

"To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland,* and adopted by Texas two years later in *Hernandez.*" *Lopez v. State,* 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)). "Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Id.* "Unless appellant can

–3–

prove both prongs, an appellate court must not find counsel's representation to be ineffective." *Id.* "In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms." *Id.* "To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different." *Id.* "In the context of a guilty plea, a defendant satisfies the prejudice requirement by showing that he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). A defendant's "failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) (citing *Strickland*, 466 U.S. at 697).

"An appellate court must make a 'strong presumption that counsel's performance fell within the wide range of reasonably professional assistance.'" *Lopez*, 343 S.W.3d at 142 (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). "In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation." *Id.* "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* at 143. "In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Id.* "Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'" *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). "If trial counsel is not given that opportunity, then the appellate court should not find

deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

## IV. APPLICATION OF LAW TO FACTS

As to his first assertion that trial counsel failed to object to particular, allegedly, hearsay testimony, Montano did not raise this point in his motions for new trial or at his hearing on the motions. Further, he did not call trial counsel to testify at the hearing on his motions. Montano cites *Alvarado v. State*, contending that "[f]ailure to object to inadmissible hearsay has supported claims of ineffective counsel." *Alvarado v. State*, 775 S.W.2d 851 (Tex. App.—San Antonio 1989, pet. ref'd). We cannot agree *Alvarado* directs us to conclude counsel's assistance was ineffective. In *Alvarado*, the San Antonio Court of Appeals concluded "[w]hen the inadmissible evidence [wa]s disregarded, the remaining evidence consist[ed] primarily of the testimony of the complainant and her younger brother, which [wa]s a very small part of this record.'" *Alvarado*, 775 S.W.2d at 855. ("We do not have before us a case in which only a relatively small bit of evidence was improperly admitted"). Here, Montano complains of one statement made by a therapist for the complainant who said, "I believe that [the complainant] was diagnosed with post-traumatic stress disorder from the psychologist that comes to the [Dallas Children's Advocacy] Center." However, the record contains substantial admissible evidence relevant to the issue of punishment.

As Montano's trial counsel was not called to testify at the hearing of the motions for new trial, he had no "opportunity to explain his actions." *See Menefield*, 363 S.W.3d at 593. Accordingly, the record is silent as to any motivation or strategic reason for the absence of an objection to the testimony. *See id.* There is a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. *See Lopez*, 343 S.W.3d at 143. Finally, Montano made no argument or specific contention as to whether "there is a reasonable probability,

or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different" had his attorney objected to the hearsay. *See id.* at 142.

Second, Montano argues his counsel provided ineffective assistance due to the fact that he speaks very little English and his trial counsel does not speak or understand "much Spanish." Montano contends the language barrier prevented him from understanding the proceedings. Accordingly, he claims his plea was not voluntary. The record is silent as to the extent of Montano's ability to understand English. Nor does the record reflect that Montano asked any questions during the trial court proceedings or otherwise indicated he did not understand the proceedings. Rather, the record shows the trial court used a licensed interpreter to explain the proceedings to Montano and thoroughly questioned Montano regarding the voluntariness of the plea, the applicable sentence range, the effect of a guilty plea on citizenship, and the implications of sex offender status. Moreover, the punishment hearing record shows that when the interpreter was unable to translate the Spanish word "camote" from Spanish to English, Montano's trial counsel offered the correct English translation. Montano testified at the hearing on his motions for new trial that his guilty plea was due to his inability to understand anything his trial counsel said in out-of-court discussions. However, as noted above, Montano did not call his trial counsel to testify to explain his actions or the strategy behind Montano's guilty pleas. *See Menefield*, 363 S.W.3d at 593.

On this record, we conclude Montano has failed to satisfy the first prong of the *Strickland* test because he did not "affirmatively demonstrate[] in the trial record . . . that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms." *See Lopez*, 343 S.W.3d at 142. Further, even assuming Montano's allegations reflected deficiencies of counsel to meet the *Strickland* test, Montano did not "'show that there [wa]s a reasonable probability that, but for counsel's unprofessional errors,' . . . he would not have pleaded

–6–

guilty and would have insisted on going to trial." *See Ex parte Imoudu*, 284 S.W.3d at 869 (quoting *Strickland*, 466 U.S. at 694). We resolve his sole issue against him.

## V. CONCLUSION

On this record, we decide Montano's sole issue against him. The trial court's judgments are affirmed.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
Tex. R. App. P. 47
111643F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL MONTANO, Appellant

No. 05-11-01643-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 6 of Dallas County, Texas. (Tr.Ct.No. F10-53865-X).

Opinion delivered by Justice Lang, Justices Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 21, 2012.

DOUGLAS S. LANG
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL MONTANO, Appellant

No. 05-11-01644-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 6 of Dallas County, Texas. (Tr.Ct.No. F11-00223-X).
Opinion delivered by Justice Lang, Justices Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 21, 2012.

DOUGLAS S. LANG
JUSTICE