

# NUMBER 13-23-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OSCAR ENRIQUE GONZALEZ, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

## ON APPEAL FROM THE 63RD DISTRICT COURT
## OF VAL VERDE, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina**

Appellant Oscar Enrique Gonzalez pleaded guilty to murder and arson causing

bodily injury or death, and the trial court entered concurrent life sentences. *See* TEX.

PENAL CODE ANN. §§ 19.02, 28.02 (d)(1). Gonzalez appeals the trial court's denial of his motion for a new trial, arguing he received ineffective assistance of counsel. We affirm.[1]

## I. MOTION FOR NEW TRIAL

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013); *Navarro v. State*, No. 04-20-00222-CR, 2021 WL 1988256, at *1 (Tex. App.—San Antonio May 19, 2021, no pet.) (mem. op., not designated for publication). We reverse only when the decision "was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Smith v. State*, 286 S.W. 3d 333, 339 (Tex. Crim. App. 2009) (citations omitted). "Our review . . . is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief." *Id.* at 340. A trial court abuses its discretion in denying a motion for new trial if the appellant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Under *Strickland v. Washington*, a defendant seeking to challenge trial counsel's representation must establish that his trial counsel's performance (1) was deficient, and

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

(2) prejudiced his defense. *Id.*; *see Strickland v. Washington*, 466 U.S. 687 (1984). To show deficiency "the appellant must prove by a preponderance of the evidence that his [trial] counsel's representation objectively fell below the standard of professional norms." *Id.* (citing *Strickland*, 466 U.S. at 687). To show prejudice, the appellant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "Reasonable probability" is a "probability sufficient to undermine confidence in the outcome," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

### III.   DISCUSSION

Gonzalez pleaded guilty to the offenses on May 12, 2023. On July 31, 2023, the trial court held a punishment hearing and sentenced him to life in prison on both counts. Gonzalez filed a pro se motion for new trial, arguing he received ineffective assistance of counsel. The trial court appointed new counsel and held a hearing on Gonzalez's motion on October 10, 2023. Following a hearing, the trial court denied Gonzalez's motion.

In his affidavit attached to his motion, Gonzalez stated that he felt trial counsel did not address his concerns properly such as: trial counsel's questionable responses to Gonzalez regarding the composition of the grand jury; on two or three occasions, trial counsel addressed certain details about the case incorrectly; trial counsel failed to address physical and psychological issues Gonzalez has suffered while incarcerated, such as lack of legal communications and access to the law library; and trial counsel failed to address possible claims of due process violations in state or federal court following his incarceration. Gonzalez stated his decision "to plea[d] guilty was influence[d] by inadequate counsel and against [his] intentions to continue to fight certain issues in court"

3

and that his "psychological well[-]being could also have been a factor at the time." He further added that he was "under the impression [he] was going to testify the day of sentencing which wasn't the case."

Gonzalez's statement that he wished to rescind his guilty plea is insufficient to overcome the *Strickland* standards. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (indicating that the failure to make the required showing of either *Strickland* prong defeats the ineffectiveness claim). Gonzalez does not complain that his trial counsel ineffectively represented him at trial and therefore cannot show that his trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 687. Furthermore, Gonzalez did not inform the trial court of the substance of his testimony that he may have given on his behalf or present the trial court with any mitigating evidence. *See Thompson*, 9 S.W.3d at 812.

Gonzalez did not testify at the motion for new trial hearing. Instead, Gonzalez's counsel stated that Gonzalez filed a motion for new trial because he wanted to rescind his guilty plea and proceed to trial. According to counsel, Gonzalez "panicked" when he entered his guilty plea, he had a "severe head injury in 2017" and when he was a child, and he did not testify at his sentencing hearing because he believed "it would do more harm than good." However, Gonzalez's motion for new trial and counsel's statements at the hearing do not show that trial counsel failed to act as a reasonably competent attorney and that "but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different." *Smith*, 286 S.W.3d at 341; *Herndon*, 215 S.W.3d at 907 ("A trial judge does not have authority to grant a new trial unless the first proceeding was not in accordance with the law."); *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App.

4

1994) (providing that an affidavit that is conclusory in nature is "not sufficient to put the trial judge on notice that reasonable grounds exist . . . to believe counsel's representation may have been ineffective"). In fact, the trial court stated that at Gonzalez's plea hearing, the trial court "had a lengthy admonishment" and his plea was "freely and voluntarily entered into."

According to the trial court, "none of the things you have brought forward rise to the level that a motion for new trial should be granted," and we agree. "[A]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Accordingly, we conclude the trial court did not abuse its discretion by denying Gonzalez's motion for a new trial. *See Smith*, 286 S.W. 3d at 339; *Herndon*, 215 S.W.3d at 909. We overrule Gonzalez's issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.[2]

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of April, 2025.

---

[2] Gonzalez's pending motion to proceed pro se is denied.

5